*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0395P (6th Cir.)
File Name: 01a0395p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

In re: JOHN W. BYRD, JR.,
               *Movant.*

No. 01-3927

Filed: November 6, 2001

Before: MARTIN, Chief Judge; BOGGS, SILER,
BATCHELDER, DAUGHTREY, MOORE, COLE, CLAY,
and GILMAN, Circuit Judges.

## ORDER

Upon consideration of the motion of the State of Ohio to stay the proceedings before the Magistrate Judge filed October 30, 2001 and the response in opposition thereto filed the following day, and the October 31, 2001 motion filed by the Movant seeking clarification of the order of the en banc court of October 9, 2001, which motion was opposed on November 2, 2001; and

Neither motion having been favored by a majority of the active judges of the court;

1

IT IS ORDERED that the motions be, and they hereby are, DENIED.

ENTERED BY ORDER OF THE COURT


/s/ Leonard Green

_____
                    Clerk

BATCHELDER, Circuit Judge.  I concur in Judge Boggs' dissent from the denial of a stay of the proceedings before the Magistrate Judge.  I would state for the record that there is no conceivable justification for the Chief Judge's instruction to the Clerk to hold the motion for stay until after the commencement of the proceedings the motion sought to stay.

BOGGS, Circuit Judge, dissenting from the denial of a stay of the court's order.

In light of the unprecedented nature of this court's order of October 9, 2001, a stay would be prudent to allow the Supreme Court to determine whether this action is worthy of stay or review.

In addition, I note that the state's motion for a stay was filed on October 30 and Byrd's response was filed on October 31.  Apparently at the direction of the Chief Judge, the court was not informed of the existence of the motion as of the morning of November 5, the day the proceedings that the stay motion addresses were scheduled to begin.

On the morning of the 5th, I asked the clerk's office if such a motion had been filed, as there had been press accounts of such a filing.  I was informed that such a motion had been filed, and a copy was provided to me.  Subsequently, at approximately 1 p.m. on the afternoon of November 5, the motion and response were circulated to the court, with a voting ballot allowing until 5 p.m. that same day for a response.  I have no information that the ballot would have been circulated at this time absent my inquiry.  The delay in the handling of this stay motion continues the series of extremely unusual circumstances in this court's handling of Mr. Byrd's case.

SUHRHEINRICH, Circuit Judge.  I write and publish this opinion so that the reader will have, to the extent of my knowledge, a complete picture of what is occurring in this Court in this case.

On October 30, 2001, the State of Ohio filed with this Court a motion to stay the evidentiary hearing before the Special Master, pending the filing and disposition of a petition for writ of certiorari.  On October 31, 2001, John Byrd filed a response to the State's motion, and simultaneously filed his own motion to stay proceedings until this Court decides his motion to clarify the En Banc Court's remand order issued on October 9, 2001.  On November 1, 2001, the State filed an opposition to Byrd's motion to clarify the En Banc Order of October 9, 2001.  Although Byrd's hearing commenced on Monday, November 5, 2001, at 9:00 a.m., for some unexplained reason, I, a member of the original panel, did not receive these motions until 2:00 p.m. on Monday, November 5, 2001.

It is also interesting to note that the Chief Judge has set the deadline for en banc voting as Monday November 5, 2001, at 5:00 p.m.   While I do not have an en banc vote as a senior judge, I am a member of the panel, entitled to sit at any en banc hearing of this case, and I ought to have sufficient time to write either in favor of or against the motions.  I can only speculate as to the reason why I was denied knowledge of these motions until the eleventh hour.  Since the Chief Judge has allowed me only three hours to accomplish this task, I will begin by pointing out to the reading audience that the procedural history of this case may be the most bizarre process this Court has ever seen.

In my view, Byrd's attorneys continue their complete disregard of this Court's affirmation of the district court's denial of his first federal habeas petition, both by the three-judge panel, *see Byrd v. Collins*, 209 F.3d 486 (6th Cir. 2000), and the En Banc Court, which *denied* his request for en banc review.  *See Byrd v. Collins*, No. 96-3202, *amended en banc order* (6th Cir. Aug. 22, 2000).  Significantly, Byrd's

attorneys are now seeking discovery on matters that were addressed and resolved against Byrd in the first federal habeas petition.  For example, Byrd's attorneys complain that the Special master refused to require the production of "all documents related to Virgil Jordan and Ronald Armstead." Yet, the issues involving Armstead's and Jordan's testimony were litigated and resolved against Byrd in the first federal habeas petition.  Byrd's attorneys also complain that the State is attempting to needlessly delay the proceedings in this matter.  It would be an understatement to characterize this request, by those who have hidden the so-called "actual innocence" affidavit since 1989, as sheer chutzpah. Ironically, in the same breath, these same attorneys see no problem with their request to delay the evidentiary hearing while the En Banc Court reviews their motion for clarification of the remand order.  But I must say that Byrd's attorneys and I do see eye-to-eye on one issue:  I am as equally puzzled by the En Banc Court's Remand Order dated October 9, 2001, as they are.

If I had longer than the few minutes allotted to me by the Chief Judge, I could fully detail and articulate the nature and principled legal reasons for my concerns.  As I have said, I have unfortunately been denied this privilege.